ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**GIBSON CONDIE,**<br><br>Defendant. | Case No. 17-CR-124-J |

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by and through Assistant United States Attorney Eric Heimann, respectfully requests a protective order under Rule 16 of the Federal Rules of Criminal Procedure. Specifically, the government requests an order **(1)** prohibiting the Defendant and defense counsel from disclosing, disseminating or otherwise revealing—except as necessary to the defense—personal identification information and individually identifiable health information provided by the government to the Defendant in this case; **(2)** limiting the use of unredacted information in any pleadings filed with the Court or exhibits presented at trial or any other hearing; and **(3)** requiring the Defendant and defense counsel to return to the government all discovery materials at the conclusion of this case, including any appeals. The requested order will protect the

privacy interests of individuals specifically identified in the government's evidence while allowing the government to provide timely discovery and the Defendant to efficiently prepare for trial.

The undersigned attorney for the government has consulted with the Defendant's attorneys Mr. Stephen Kline and Mr. William Pilger, and understands that they do not oppose the requested order.

## BACKGROUND

On May 19, 2017, the grand jury returned an indictment charging Defendant Gibson Condie with 234 counts of health care fraud in violation of 18 U.S.C. § 1347. The alleged fraud resulted in the theft of approximately $6.8 million from Wyoming Medicaid over a 3½ year period. (*Indictment*, Doc. 1.) The Defendant has been arraigned but the government filed a motion for an ends-of-justice continuance based upon the complexity of the case and a hearing to determine the appropriate length of that continuance under the Speedy Trial Act. (Doc. 13.)

## DISCOVERY ORDER

As charged in the indictment, the Defendant submitted fraudulent bills to Wyoming Medicaid for mental health services allegedly provided to approximately 300 beneficiary-patients by more than 80 individuals (whom the Defendant then paid with the resulting proceeds). Therefore, the government's evidence includes records and statements that include personal identification information (including names, birthdates, social security numbers, Medicaid beneficiary numbers, etc.) and individually identifiable medical information (including mental health assessments, treatment notes, substance abuse patient records, etc.) and financial information (including account numbers and personal identifiers).

The magistrate judge deferred to this Court to issue a discovery order and schedule the jury trial. (Doc. 14.) The government believes this Court's standard Rule 16 discovery order is

appropriate, but we ask that discovery deadlines be set at the hearing requested by the government to determine an appropriate trial date.

Typically, when providing criminal discovery to defendants, the government redacts personal identifiers and other sensitive information to prevent further disclosure or dissemination. We then allow defense counsel access to unredacted evidence when specifically requested, or as necessary for any hearing or trial. Here, however, the government intends to provide unredacted information to speed up the discovery process. Access to unredacted information should also allow the Defendant and defense counsel to more efficiently and effectively prepare for trial.

The government will watermark all criminal discovery (not including audiovisual files and other files provided in native format such as spreadsheets) to help identify materials provided to the Defendant by the government. This will help the Defendant and defense counsel identify materials subject to the requested protective order, and assist in the identification of any violations of the requested order.

### REQUEST FOR PROTECTIVE ORDER

Given the volume and personal nature of the government's evidence, the government respectfully requests that a detailed protective order be issued to protect this sensitive information and expedite discovery. Specifically, the government requests the following prohibitions.

1. The Defendant and defense counsel shall not disclose, disseminate or otherwise reveal personal identification information, individually identifiable health information, or financial information provided by the government to the Defendant in this case except as necessary to the defense.

2. The Defendant and defense counsel shall maintain custody and control of all personal identification information, individually identifiable health information, or financial

information provided by the government to the Defendant in this case, including any copies of such information, unless providing this information to another person or entity is necessary to the defense. If any protected information is provided to a third party, the Defendant and defense counsel shall inform the third party of this protective order and seek a confidentiality agreement requiring the third party to comply with the provisions of the requested protective order.

3. The parties shall not include unredacted personal identification information, individually identifiable health information, or financial information in any pleadings filed with the Court, or exhibits presented at trial or any other hearing, without the prior permission of the Court. If necessary to the prosecution or defense, and prior authorization cannot be reasonably obtained, a party may include unredacted personal identification information, individually identifiable health information, or financial information in a sealed pleading or exhibit and then seek authorization from the Court for further use of the unredacted information.

4. At the conclusion of this case, the Defendant and defense counsel shall return to the government all discovery materials, including any copies thereof.

5. The government shall watermark all discovery materials provided to the Defendant and defense counsel (not including audiovisual files and other files provided in native format such as spreadsheets), so the materials subject to the protective order may be readily identified.

The requested order is authorized by Rule 16(d)(1) of the Federal Rules of Criminal Procedure which grants the Court the power to regulate discovery through protective and

modifying orders. Fed. R. Cr. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other relief.").

**WHEREFORE**, for the reasons detailed above, the United States respectfully requests a protective order limiting the disclosure or dissemination of personal identification information, individually identifiable health information, or financial information provided to the Defendant and defense counsel in this case. The government has prepared and submitted a proposed order for the Court's convenience.

Respectfully submitted this 13th day of June, 2017.

> JOHN R. GREEN
> Acting United States Attorney

By: */s/ Eric J. Heimann*
ERIC J. HEIMANN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of June, 2017, I served true and correct copies of the foregoing motion upon all counsel via CM/ECF.

> */s/ Kylie Severns*
> UNITED STATES ATTORNEY'S OFFICE