Eric J. Heimann
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 OCT 27  PM 1: 04

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-CR-124-J |
| GIBSON CONDIE, | |
| Defendant. | |

---

## GOVERNMENT'S MOTION FOR PRELIMINARY FORFEITURE ORDER

---

Defendant Gibson Condie and the United States of America have entered into a plea agreement, and the Defendant is scheduled to change his plea on October 27th. As part of the agreement, the Defendant will consent to forfeiture of certain assets. *Plea Agreement*, Doc. 39 at ¶ 16. Therefore, the United States, by and through Assistant United States Attorney Eric Heimann, respectfully asks this Court to enter a preliminary forfeiture order.

### PROCEDURAL BACKGROUND

On May 19, 2017, the grand jury returned an indictment charging Defendant Gibson Condie with 234 counts of health care fraud in violation of 18 U.S.C. § 1347. *Indictment*, Doc. 1. The indictment included a forfeiture notice informing the Defendant that, upon conviction, he would forfeit any property, real or personal, that constituted or was derived, directly or indirectly,

from gross proceeds traceable to the commission of the offense. *Id.* at ¶ 18. The notice went on to identify specific assets that would be subject to forfeiture. *Id.*

On May 22, 2017, this Court granted the government's motion for a restraining order prohibiting the Defendant and related persons from doing anything to affect the availability, marketability or value of the forfeitable property listed in the indictment. Doc. 7. That same day, the government applied for and received seizure warrants for vehicles and mobile farm equipment listed in the indictment's forfeiture notice. The government then seized the following vehicles and farm implements: **(1)** one 2006 Dodge Ram 3500 bearing VIN 3D7LX39C66G136778; **(2)** one 2015 Honda Odyssey bearing VIN 5FNRL5H65FB032781; **(3)** one John Deere Utility Tractor (serial # 1LV5065ECDY145328), Loader (serial # 1P00553XCDX039253), Pallet Forks (serial # 1XFAP12FED0020756), and Bale Fork (serial # 1XFAB13EAC0004054); and **(4)** one 1996 Snow Cat purchased on or about December 5, 2014, using check number 3702 drawn on Big Horn Federal Savings Bank account ending in # 1069. Two farm implements listed in the indictment were not seized because these items were no longer in the Defendant's possession.

On October 23, 2017, the parties filed a plea agreement in which the Defendant agreed to consent to the forfeiture of certain assets listed in the indictment. *Plea Agreement* at ¶ 16. In doing so, the Defendant admitted that those assets constituted and/or were derived from gross proceeds of *Health Care Fraud* in violation of 18 U.S.C. § 1347, and were thus forfeitable to the United States. The Defendant also agreed to relinquish any and all right, title and interest he may have in the subject property and agreed that such right, title and interest can be forfeited to the United States (including the federal investigating agency) without further notice to him. *Id.*

This motion for preliminary forfeiture order relates to a subset of those assets in which (based upon the government's best evidence at this time) the Defendant still has an ownership or other property interest.

### LEGAL AUTHORITY FOR ENTRY OF PRELIMINARY FORFEITURE ORDER

**1.    Forfeiture is mandatory.**

The Defendant has agreed to plead guilty to *Health Care Fraud* in violation of 18 U.S.C. § 1347. "The court, in imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7). And, when the government has included a notice of forfeiture in the indictment, as in this case, "the court shall order the forfeiture of the property as part of the sentence in the criminal case." 28 U.S.C. § 2461.

**2.    Fed. R. Crim. P. 32.2 governs forfeiture procedures and provides for preliminary forfeiture orders.**

Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure provides for entry of a preliminary forfeiture order "directing the forfeiture of specific property." Fed. R. Crim. P. 32.2(b)(2). This preliminary forfeiture order is a necessary step in the forfeiture process.

The preliminary forfeiture order is to be issued "without regard to any third party's interest in all or part of it." Fed. R. Crim. P. 32.2(b)(2). However, the proposed preliminary forfeiture order requires the government to provide notice of the intended forfeiture so third-parties claiming an interest in the forfeitable property will be informed that they must assert a claim with this Court within a particular period of time. Any property interest asserted by a third party is then resolved in an ancillary proceeding under Rule 32.2(c).

The preliminary forfeiture order does not become final as to a defendant until the time of sentencing when the order must be made part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(3). Therefore, the defendant may object to the preliminary order (for example, if he believes it goes beyond the forfeitures he consented to), the parties may ask the court to modify the order (for example, to include substitute property), and the district court retains jurisdiction to change the preliminary order at any time before sentencing is complete. See *United States v. Gilbert*, 244 F.3d 888, 925-26 (11th Cir. 2001) (preliminary forfeiture order is not final as to defendant until sentencing).

3.     **The preliminary forfeiture order must be made part of the sentence and included in the judgment.**

Rule 32.2(b)(3) provides that "at sentencing – or at any time before sentencing if the defendant consents – the order of forfeiture becomes final as to the defendant and must be made part of the sentence and be included in the judgment." Fed. R. Crim. P. 32.2(b)(3). To make the forfeiture "part of the sentence," the Court must include the forfeiture provisions in the oral announcement of the defendant's sentence. See, e.g., *United States v. Gaviria*, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (failure to announce the forfeiture portion of the defendant's sentence in his presence means that forfeiture order must be vacated).

To include the forfeiture in the judgment, the Court must issue an order of forfeiture (the preliminary version of which this motion requests) and attach or otherwise incorporate it into the judgment and commitment order that is made part of the record in every criminal case.

### *REQUESTED PRELIMINARY FORFEITURE ORDER*

Based on the plea agreement and the Defendant's consent to forfeiture described therein, the government respectfully requests that this Court enter a preliminary forfeiture order forfeiting the Defendant's interest in the following property:

1. all money deposited in Big Horn Federal Savings Bank account ending in # 1069 held in the name of Big Horn Basin Mental Health Group;

2. $398,500 deposited in Big Horn Federal Savings Bank account ending in # 5872 held in the names of Gibson Condie and Kimberly Condie;

3. one 2006 Dodge Ram 3500 bearing VIN 3D7LX39C66G136778;

4. one 2015 Honda Odyssey bearing VIN 5FNRL5H65FB032781;

5. $6,450 deposited in Big Horn Federal Savings Bank health saving account ending in # 0459 held in the name of Gibson Condie;

6. $68,327 deposited in Big Horn Federal Savings Bank retirement SEP accounts ending in # 0181 and # 1353;

7. $36,500 deposited in Ally Bank CD account ending in # 0674 held in the names of Gibson Condie and Kimberly Condie;

8. $13,400 deposited in Learning Quest 529 plan account ending in # 3351-01 held in the names of Gibson Condie and Kimberly Condie;

9. $6,600 deposited in Learning Quest 529 plan ending in # 3351-02 held in the names of Gibson Condie and Kimberly Condie;

10. one John Deere Utility Tractor (serial # 1LV5065ECDY145328), Loader (serial # 1P00553XCDX039253), Pallet Forks (serial # 1XFAP12FED0020756), and Bale Fork (serial # 1XFAB13EAC0004054);

11. one 1996 Tucker Sno-Cat purchased on or about December 5, 2014, using check number 3702 drawn on Big Horn Federal Savings Bank account ending in # 1069;

12. real property located at 877 Road 5, Powell, Wyoming, Township 55 North, Range 98 West, 6th P.M., Park County, Wyoming, as recorded in the records of the County Clerk and Recorder of Park County, Wyoming; and

13. improvements to U.S. Forest Service land known as the "Ranger Creek Ranch" which are located within the Bighorn National Forest, Sections 29 and 30, T.53 N., R. 88 W., 6th Principal Meridian.

WHEREFORE, for the reasons stated above, the United States respectfully requests a preliminary forfeiture order forfeiting the Defendant's interest in the above-listed property.

Respectfully submitted this 27th day of October, 2017.

JOHN R. GREEN
Acting United States Attorney

By: _____
ERIC J. HEIMANN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of October, 2017, I served true and correct copies of the foregoing motion upon defense counsel via CM/ECF.

_____
UNITED STATES ATTORNEY'S OFFICE