Eric J. Heimann
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 FEB -1  PM 3: 04

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 17-CR-124-J |
| **GIBSON CONDIE,** | |
| Defendant. | |

## GOVERNMENT'S MOTION FOR FINAL FORFEITURE ORDER

The United States, by and through Assistant United States Attorney Eric Heimann, respectfully asks this Court to enter a final order of forfeiture because the Defendant's interest in the subject property was forfeited as part of his sentence and no timely third-party claims have been filed.

On May 19, 2017, the grand jury returned an indictment charging Defendant Gibson Condie with 234 counts of health care fraud in violation of 18 U.S.C. § 1347. *Indictment*, Doc. 1. The indictment included a forfeiture notice informing the Defendant that, upon conviction, he would forfeit any property, real or personal, that constituted or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. *Id.* at ¶ 18. The notice went on to identify specific assets that would be subject to forfeiture. *Id.*

On October 23, 2017, the parties filed a plea agreement in which the Defendant agreed to consent to the forfeiture of certain assets listed in the indictment. *Plea Agreement* at ¶ 16. In doing so, the Defendant admitted that those assets constituted and/or were derived from gross proceeds of *Health Care Fraud* in violation of 18 U.S.C. § 1347, and thus were forfeitable to the United States. The Defendant also agreed to relinquish any and all right, title and interest he may have in the subject property and agreed that such right, title and interest can be forfeited to the United States (including the federal investigating agency) without further notice to him. *Id.*

Based on the Defendant's consent to forfeiture, this Court granted the government's request for a preliminary forfeiture order on October 27, 2017. Doc. 46. The preliminary forfeiture order announced the government's intent to forfeit the Defendant's interest in the following property:

1. all money deposited in Big Horn Federal Savings Bank account #1069 held in the name of Big Horn Basin Mental Health Group;

2. $398,500 deposited in Big Horn Federal Savings Bank account #5872 held in the names of Gibson Condie and Kimberly Condie;

3. one 2006 Dodge Ram 3500 bearing VIN 3D7LX39C66G136778;

4. one 2015 Honda Odyssey bearing VIN 5FNRL5H65FB032781;

5. $6,450 deposited in Big Horn Federal Savings Bank health saving account ending in #0459 held in the name of Gibson Condie;

6. $68,327 deposited in Big Horn Federal Savings Bank retirement SEP accounts #0181 and #1353;

7. $36,500 deposited in Ally Bank CD account #0674 held in the names of Gibson Condie and Kimberly Condie;

8. $13,400 deposited in Learning Quest 529 plan account # 3351-01 held in the names of Gibson Condie and Kimberly Condie;

9. $6,600 deposited in Learning Quest 529 plan account # 3351-02 held in the names of Gibson Condie and Kimberly Condie;

10. one John Deere Utility Tractor (serial # 1LV5065ECDY145328), Loader (serial # 1P00553XCDX039253), Pallet Forks (serial # 1XFAP12FED0020756), and Bale Fork (serial # 1XFAB13EAC0004054);

11. one 1996 Tucker Sno-Cat purchased on or about December 5, 2014, using check number 3702 drawn on Big Horn Federal Savings Bank account ending in # 1069;

12. real property located at 877 Road 5, Powell, Wyoming, Township 55 North, Range 98 West, 6th P.M., Park County, Wyoming, as recorded in the records of the County Clerk and Recorder of Park County, Wyoming; and

13. improvements to U.S. Forest Service land known as the "Ranger Creek Ranch" which are located within the Bighorn National Forest, Sections 29 and 30, T.53 N., R. 88 W., 6th Principal Meridian.

The Defendant was sentenced on January 8, 2018. As part of his sentence, his interest in the above-listed properties was forfeited to the United States.

As required by the preliminary forfeiture order, and in accordance with 21 U.S.C. § 853(n)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(6)(C), the United States published notice of the preliminary forfeiture order, the government's intent to forfeit and dispose of the subject property, and the requirements for filing a claim for the property. General publication was made on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days beginning on March 21, 2017, and ending on April 19, 2017. The government

also sent notice directly to the real property located at 877 Road 5 in Powell via certified U.S. Mail, and received a signed return receipt on November 7, 2017. The declarations of publication were filed with this court on January 31, 2018. Docs. 60-61.

The government has not received any third-party claims as of the date of this motion, and the time for any such claim to be filed ran no later than January 7, 2018. *See* 21 U.S.C. § 853(n)(2) (any person asserting legal interest in forfeitable property may file claim within 30 days of final publication or receipt of notice). There being no third-party claims to resolve, a final forfeiture order should be entered.

WHEREFORE, for the reasons stated above, the United States respectfully requests a final order of forfeiture condemning the assets listed in the preliminary forfeiture order, and vesting in the United States of America all right, title, and interest in said assets. The government has filed a proposed order with this motion for the convenience of the court.

Respectfully submitted this 1st day of February, 2018.

                              MARK A. KLAASSEN
                              United States Attorney

By: _____
       ERIC J. HEIMANN
       Assistant United States Attorney

### CERTIFICATE OF SERVICE

This is to certify that on this 1st day of February, 2018, I served true and correct copies of the foregoing motion upon defense counsel via CM/ECF.

                              _____
                              UNITED STATES ATTORNEY'S OFFICE