February 1, 2018



The Honorable Alan Johnson,
District Court of Wyoming
Joseph C. O'Mahoney Federal Center
2120 Capitol Avenue
Cheyenne, WY 82001

Judge Johnson,

Last month you adopted a plea agreement in the criminal case against me which included a 36 month term in Federal Prison Camp and restitution of $2.28+ million dollars. I am writing to thank you for elements of the sentencing which were favorable to me. Specifically, you did not order that there be a fine, further financial penalty, or interest charged, stating that "The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that: The interest and penalties not be applied to fine and/or restitution". Having had the opportunity to review other cases similar to mine I can see that penalties and interest are often assessed and I am grateful to you for your recognition of my inability to pay and the subsequent relief from penalties and interest.

I am also hoping that I might be able to ask, actually beg for another act of judicial "grace" on behalf of my family. During discussions leading up to the plea agreement the Department of Justice had offered assurances that our primary residence would be spared, and indeed in the text of the plea our house was dropped from the list of seized items to be forfeited. The DOJ has now indicated it will be pursuing foreclosure on our primary residence and seeking forfeiture of my half of the proceeds from the sale of our home. My research indicates that financial restitution in criminal cases is treated the same as a tax debt to the IRS and that governing statutes are to be found in the US Tax Code. Section 6334 of this code identifies properties that are exempt from levy in cases such as mine. Part (a)(13)(B)(i) identifies a principal residence as being one type of property that is exempt from levy, "Except to the extent provided in subsection (e)". In that subsection, under (1) Principal Residences it states, "A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence". Of course all of these statutes are well known to you and I only include them here for my personal reference.

On behalf of my family and myself I would ask you to please consider exempting our principal residence, located at 1054 Vali Road in Powell, Wyoming, from criminal and/or civil restitution for the reasons given in the Judgement and Commitment document. All of my assets, except the house, have been forfeited. The assets already seized and forfeited have a total value in excess of $1.3 million dollars and I will work diligently, upon my return to society, to retire the remainder of the debt. I will not attempt to list all of the reasons, financial and emotional, for our wanting to keep this residence. I would simply ask for your mercy in the case of our home. It is the only home we have ever owned or ever wish to own. We built it ourselves. This is where we have raised our children and hope to spend time with our grandchildren. It is where we are centered and grounded. I am asking that you please grant this request.

If it is not at all possible to spare the home completely then a second consideration would be a suggestion made to me by Mr. Klaassen who was then (October 2017) an assistant US Attorney. He said there is a mechanism whereby my wife and I can retain ownership and occupancy of the home until we are both deceased and at that point in time the home would be sold and the government would receive their half of the proceeds. The home will certainly appreciate in value and would be worth more to the government at that time than it would be now. I do not know why the DOJ is no longer considering this option but if you are unable to

keep our primary residence from being levied then perhaps you would consider this second possibility.

Lastly, your Honor, I have a question regarding the establishment of a payment schedule for the restitution debt. In the plea agreement its states that the court will establish a payment schedule. In the Judgement and Commitment document it says that payments will be $250 per month or 10% of my income whichever is larger. The DOJ representative has communicated to my attorneys his intention to garnish an additional 25% of all future earnings and retirement income for the 20 years following my release at age 60 years. Is it the court's intention that I pay 35% of all future earnings for that period of time? Is it possible to limit garnishment to the 10% identified in the J & C, or even limit to 25% of future earnings?

Thank you again for the mercy and justice already administered in my case.

With Regards,

Gibson B. Condie
Powell, Wyoming

Gibson B. Condie, Ph.D.
1054 Vali Road
Powell, Wyoming 82435





THE HONORABLE ALAN JOHNSON
DISTRICT COURT OF WYOMING
JOSEPH C. O'MAHONEY FEDERAL CENTER
2120 CAPITOL AVENUE
CHEYENNE, WY 82001

RETURN RECEIPT REQUESTED