

**U.S. Department of Justice**

*Mark A. Klaassen*
*United States Attorney*
*District of Wyoming*

| | | | | |
|---|---|---|---|---|
| REPLY TO: CHEYENNE | P.O. Box 668<br>Cheyenne, WY 82003-0668<br>(307) 772-2124<br>FAX (307) 772-2123 | P.O. Box 22211<br>Casper, WY 82602-5010<br>(307) 261-5434<br>FAX (307) 261-5471 | P.O. Box 449<br>Lander, WY 82520-0449<br>(307) 332-8195<br>FAX (307) 332-7104 | P.O. Box 703<br>Yellowstone NP, WY 82190<br>(307) 344-2119<br>FAX (307) 344-9266 |

February 9, 2018

Hon. Alan B. Johnson
2120 Capitol Avenue, Room 2018
Cheyenne, WY 82001-3631

> **Re: United States v. Condie; 17-CR-124-J (Dkt. Nos. 64 & 65)**

Judge Johnson:

I write in response to your letter to AUSA Eric Heimann advising him of communication you received from Defendant Gibson Condie regarding collection of restitution in this case. As you know, our Financial Litigation Unit is tasked with collecting criminal monetary obligations, and so I am responding on Eric's behalf.

Mr. Condie requests the Court exempt his personal residence from collection, claiming our office made assurances that it would be spared. While Mr. Condie is partially correct in that there were some initial settlement discussions before his change of plea and sentencing (arising in the context of a parallel civil case) regarding options that would allow his wife to remain in the residence, no agreement or commitment was ever made in that regard – either verbally or in writing.

Mr. Condie also suggests the decision to drop his residence from the list of forfeited assets is evidence of our intent to exempt the property from collection and that we are now reneging. The *lis pendens* on the Condie home was indeed released as a part of the criminal plea agreement and removed from the list of assets to be forfeited. However, the government never promised that the Condies would be allowed to keep the residence or that it would be exempt from a lien or foreclosure to pay the agreed-upon criminal restitution or any later civil judgment. Rather, as Mr. Condie knew at the time, the disposition of the residence would need to be resolved outside his plea agreement.

We note for the Court that we do not routinely foreclose or execute on personal residences of judgment debtors. Such an action requires the approval of the United States Attorney, and is undertaken only after a fair consideration of the defendant's circumstances and prospects for collection. In this instance, Mr. Condie owes a substantial debt for his crimes – a debt he may never fully repay. His family home is estimated to be worth as much as $500,000, an amount that vastly exceeds the median home value for Powell, Wyoming. Under the circumstances in this case, our office has determined it would be inappropriate to leave Mr. Condie's equity in the home undisturbed while victims of his crime go uncompensated.

At present, we are working with counsel for Mr. Condie to ascertain the most cost-effective means of liquidating his few remaining assets for payment towards restitution, including his residence. There is no action for the Court to take at this time. If we cannot reach an agreement regarding the residence and the collection of Mr. Condie's equity in that property, the United States will simply move to foreclose its lien and Mr. Condie can raise his arguments, if any, in that context.

Sincerely,

MARK A. KLAASSEN
United States Attorney

By:   */s/ Levi Martin*
LEVI MARTIN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2018, a true and correct copy of the foregoing **Letter to Judge Johnson,** was served on all counsel of record by filing a copy of that document with the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *Levi Martin*
United States Attorney's Office