FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 OCT 31  AM 10: 08

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal Action No. 17-CR-124-J |
| v. | |
| GIBSON BUCKLEY CONDIE, | |
| Defendant, | |
| and | |
| WYOMING RETIREMENT SYSTEM., | |
| Garnishee | |

## WRIT OF GARNISHMENT

GREETINGS TO:     Wyoming Retirement System
6101 Yellowstone Road, Suite 500
Cheyenne, WY   82009

A criminal judgment has been entered against Defendant, social security number XXX-XX-4032, whose last known address is P.O. Box 680, Yankton, South Dakota, 57078, that includes criminal fines, assessments, restitution orders, costs, or penalties in the amount of $2,283,802.49. The sum of $14,108.00 has been credited to the judgment debt, leaving a total balance due (including any applicable interest and penalties) of $2,269,694.49, as of October 31, 2018.

The United States of America has filed with this Court an application for a Writ of Garnishment against the property, including nonexempt earnings, of Defendant.  The Court, having considered the application for a Writ of Garnishment now finds that the requirements of 28

U.S.C. § 3205 are satisfied and that an appropriate Writ of Garnishment shall, and hereby does, issue.

IT IS THEREFORE ORDERED THAT:

Garnishee is required by law to answer this writ in writing and state under oath: whether the garnishee has custody, control or possession of property or funds owned by Defendant; a description of such property and the value of such interest; a description of any previous garnishments to which such property is subject and the extent to which any remaining property is not exempt; and the amount of the debt Garnishee anticipates owing to Defendant in the future and whether the period for payment will be weekly or another specified period.

Garnishee shall withhold and retain any property in which Defendant has a substantial non-exempt interest and for which the Garnishee is or may become indebted to Defendant pending further order of this Court.

In regard to earnings, Garnishee shall withhold and retain the lesser of twenty-five percent (25%) of Defendant's disposable earnings for any workweek subject to garnishment; or all amounts of Defendant's disposable earnings for any workweek subject to garnishment in excess of thirty times the federal minimum hourly wage. See 15 U.S.C. § 1673(a). In no event shall the amount withheld and retained exceed 60% of disposable earnings per week, or 50% of Defendant's disposable earnings per week if he is supporting his spouse or dependent child. In the case of disposable earnings which compensate for services rendered in a pay period longer than 1 workweek, the weekly statutory exemption formula above must be transformed to a formula applicable to such earnings providing equivalent restrictions on wage garnishment as provided by

regulation. See 29 C.F.R. 870.10(c). To calculate disposable earnings, subtract the following from wages, commissions, and income:

   1.  Federal Income Tax;
   2.  Federal Social Security Tax;
   3.  Other state, county, and local income taxes (if any).

If Garnishee fails to answer this Writ of Garnishment or withhold property in accordance with the writ, the United States may petition the Court for an order requiring Garnishee to appear before the Court to answer the writ and to so withhold property before the appearance date. If Garnishee fails to appear, or appears and fails to show good cause why Garnishee failed to comply with the writ, the Court shall enter judgment against the Garnishee for the value of the Defendant's nonexempt interest in such property (including nonexempt disposable earnings). The Court may award a reasonable attorney's fee to the United States and against Garnishee if the writ is not answered within the time specified therein and a petition requiring Garnishee to appear is filed.

Garnishee must file the original written answer within ten (10) days of service of this writ with the **Clerk, United States District Court,** 2120 Capitol Avenue, Room 2141, Cheyenne, WY 82001. Additionally, Garnishee is required by law to serve a copy of the answer to this writ upon Defendant , and upon the **United States Attorney, District of Wyoming, Financial Litigation Unit, 2120 Capitol Avenue, Room 4002, Cheyenne, WY   82001**.

Pursuant to 15 U.S.C. § 1674, Garnishee is prohibited from discharging the Defendant from employment by reason of the fact that his/her earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. § 3205(c)(3), the United States shall serve the Garnishee and the Defendant with copies of this Writ of Garnishment and shall certify to the Court that such service

was made.   The writ shall be accompanied by the instructions required by 28 U.S.C. §

3205(c)(3)(A) & (B).

IT IS SO ORDERED.

DATED this ___31st___ day of October, 2018.

STEPHAN HARRIS
United States District Court


By: _____5 William_____
Deputy Clerk