

The Honorable Alan Johnson
2120 Capitol Avenue
Cheyenne, WY  82001-3658

Your Honor,

My name is Gibson Condie. I am writing to petition the court to award me the benefits outlined in the First Step Act (FSA), benefits which the Bureau of Prisons has refused to grant. The relevant facts in support of my petition are presented here for the court's consideration.

On January 8, 2018 I was sentenced by the court to serve a 36 month period of incarceration. I self-surrendered to FPC Yankton on February 12, 2018. In accordance with Congressional intent, as expressed in the Reauthorized Second Chance Act of 2007, my sentence was immediately reduced by 141 Good Conduct Days and my release date was calculated to be September 22, 2020. I was also granted the benefit of 10% halfway house time, or 3.6 months, and my halfway house eligibility date was calculated to be June 6, 2020.

On December 21, 2018 the President signed into law the First Step Act. Under this act Congress additional benefits to qualifying inmates in the federal prison system. The benefits for which I qualify include an opportunity for direct home confinement in lieu of halfway house, an additional 21 days of Good Conduct time, and additional halfway house/home confinement time for engaging in programming and/or positive activities which reduce the risk of recidivism. The programming benefit is an additional 10 or 15 days of halfway house time for every 30 days of programming, depending on the outcome of my risk assessment categorization (e.g. High, Medium, Low, or Minimal).

On February 7, 2019 I participated in my semi-annual team meeting and was advised by my Case Manager, Counselor, and Housing Unit Director that in accordance with the provisions of the FSA I would be recommended for Direct Home Confinement. When I asked my team about the other FSA benefits, specifically the additional Good Conduct days and the assessment for and receipt of programming credits I was told that these would be forthcoming and discussed at a subsequent team meeting.

On July 19, 2019 the BOP assessment instrument was published. The results

of this assessment determine into which risk category an inmate is placed. Inmates who are determined to be Low or Minimal risk for reoffense qualify for 15 additional days of halfway house/home confinement for every 30 days of programming (where eight hours of programming constitutes a 'programming day').

At my next team meeting, on July 31, 2019, I was awarded the additional 21 days of Good Conduct time promised by the FSA. This moved my Home Eligibility Confinement date to May 16, 2020 and my release from BOP custody to September 1, 2020. I asked my team when I could expect to be assessed for placement into a risk category. I was advised that I would not be assessed until January of 2020 bu that based on the known criteria I would be placed in the Minimal risk category. When I pointed out that by November of 2019 I would have accumulated sufficient programming days to move my Home Confinement Eligibility date to December 2019 I was informed that the BOP had not yet defined what constituted "30 days of programming". Despite repeated requests on my part BOP personnel continue to state that they do not have the guidelines, training, or the requisite definitions to assess me or award the additional halfway house/home confinement days that Congress intended I receive under the principals of the FSA. This, despite the fact that other inmates in the system have been assessed and categorized.

Since the enactment of the FSA on December 21, 2018 I have completed over 2700 hours of programming by working full time as a tutor in the Education Department during the day and completing the requirements of an Educational Assistant Apprenticeship in the evenings and on weekends. These hours have been documented and verified by my supervisor, Mr. Uecker, and by Mr. Hinze, the Director for Apprencticeships at FPC Yankton. Mr. Hinze can confirm for the court my completion of these programming hours. 2700 clock hours are the equivalent of 337 programming days, or 11.2 months of programming. In passing the FSA Congress intended that I receive 165 additional days of halfway house/home confinement time. By refusing to grant my request to be assessed and awarded these benefits the BOP is acting contrary to Congressional intent. I am petitioning the court directly because the time involved in employing administrative remedies within the BOP would result in my being detained beyond the date when I should be released to home confinement, even in the event of a finding in my favor.

The text of the FSA gives the BOP a phase-in period to implement the programming component of the act. However the expressed purpose for this phase-in period is to allow the BOP time to develop programming opportunities for all inmates. FPC Yankton, where I am being held, already offers programming opportunities for 100% of the inmates placed in this facility. I argue that because the reason for the phase-in period does not exist at my facility the phase-in provision does not apply to my facility. Further, the act goes on to say that during the phase-in period priority for programs and activities shall be accorded based on a prisoner's proximity to release date. It also states that, beginning on the date of enactment the BOP "may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D". Implementation of the phase-in at FPC Yankton would only result in delaying and denying receipt of benefits intended by Congress.

Finally your Honor, the prosecutor in my case has stated that the government would object to any reduction in my sentence. Therefore I would point out that the awarding of programming credits is not a reduction in sentence but rather a change in the Home Confinement Elgibility date. If I am released to home continement in December I will still be in BOP custody until my release date of September 1, 2020. Therefore this petition should not be subject to such an objection by the government.

To conclude, I am asking the court to interpret Congressionl intent, as expressed in the language of the First Step Act, and award me 165 days of programming credit, direct that my Home Confinement Eligibility date be recalculated to be December 2, 2019, and order that I begin my home confinement on that date.

Respectfully submitted,

Gibson B. Condie
Reg #16697-091

NAME: GWB Condie
REG#: 16697-091
FEDERAL PRISON CAMP
P.O. BOX 700
YANKTON, SD 57078



⇔16697-091⇔
Judge Alan Johnson
2120 Capitol AVE
2nd Floor
Cheyenne, WY 82001-3658
United States

82001-366667