ERIC J. HEIMANN
Wyoming State Bar No. 6-4504
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82001
(307) 772-2124
eric.heimann@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No. 17-CR-124-J** |
| **GIBSON CONDIE,** | |
| Defendant. | |

## GOVERNMENT'S OPPOSITION TO SENTENCE REDUCTION

Defendant Gibson Condie has filed another letter demanding a sentence reduction; this time in the form of a reduction of his 3-year term of supervised release. *Mot. to Reduce Sup. Rel.*, Doc. 107. The United States, by and through Assistant United States Attorney Eric Heimann, opposes any reduction in the Defendant's sentence.

### RELEVANT FACTS

This court sentenced the Defendant to serve a 36-month custodial sentence and 3 years on supervised release for healthcare fraud. On November 19, 2019, while he was incarcerated in a federal prison camp, the Defendant filed a petition demanding programming credit and transfer to home confinement under the First Step Act. (Doc. 102.) The government opposed the motion, arguing that this court did not have authority to grant the credits or home confinement. (Doc. 103.) This court agreed and dismissed the motion. (Doc. 104.)

According to the Defendant, the Bureau of Prisons recently transferred him to home confinement, where he will remain until September. *Mot. to Reduce Sup. Rel.* at 1. He will then begin his supervised release.

ARGUMENT

The Defendant claims that he is entitled to a 33% sentence reduction under the First Step Act because he turned 60 years of age two days before he was transferred to home confinement. *Id.* at 1. By his math, his supervised release therefore should be reduced by two years. *Id.* He also demands "eight months of programming credits which [were] denied by the BOP for administrative reasons. *Id.* The Defendant is not entitled to any credits against, or reduction of, his sentence.

1. **This court cannot change the Defendant's sentence by reducing his term of supervised release at this time.**

This court imposed 3 years of supervised release as part of the Defendant's sentence. Once imposed, this court has no inherent authority to modify the Defendant's sentence, including the term of supervised release; rather, any modification must be authorized by statute or rule. *E.g., United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). The Defendant cites no authority that would empower this court to reduce his term of supervised release other than the First Step Act.

There are times when a district court can change the length of a defendant's supervised release. For example, a district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Similarly, a court may "extend a term of

supervised release … and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" provided the court follows the procedures outlined in the Federal Rules of Criminal Procedure. *Id.* at § 3583(e)(2). Neither of these statutes, however, authorize a court to change the length of a defendant's term of supervised release before he is released from custody and serves at least one year on supervised release. The government is not aware of any other statutes that would allow the court to give the Defendant what he demands.

## 2. The First Step Act does not authorize a reduction in the Defendant's custodial sentence or term of supervised release because the Defendant turned 60 years of age.

The Defendant claims that his sentence should be reduced 33% under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, (December 21, 2018), because he is now 60 years of age. *Mot. to Reduce Sup. Rel.* at 1. He does not explain why the First Step Act reduces his sentence by 33%, nor does he provide any citation to the relevant section or sections of the Act.

The government believes the Defendant is referring to § 603 of the First Step Act, which re-authorizes and amends "a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). Through this program, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention." *Id.* § 60541(g)(1)(B). The First Step Act expands the definition of *eligible elderly offender* for purposes of this pilot program in two ways. First, a prisoner becomes eligible at age 60 rather than 65. *Id.* at § 60541(g)(5)(A)(i); Pub. L. No. 115-391, § 603(5)(A)(i),

3

132 Stat. 5194, 5238 ("striking '65 years of age' and inserting '60 years of age'"). Second, a prisoner becomes eligible after serving 2/3 of his term of imprisonment rather than 75 percent. 34 U.S.C. § 60541(g)(5)(A)(i); Pub. L. No. 115-391, § 603(5)(A)(i), 132 Stat. 5194, 5238 ("striking '75 percent' and inserting '2/3'").

None of this helps the Defendant. First, the program allows for certain defendants to be placed on home confinement. The Defendant is already on home confinement so there is nothing more he can get. Second, the pilot program does not authorize a sentence reduction or allow for an undischarged term of supervised release to be reduced. It just allows for a part of the custodial sentence to be served in home confinement.

**3. This court cannot grant the Defendant programming credits.**

Finally, the Defendant asks for eight months' worth of programming credits he claims he is entitled to but BOP denied for administrative reasons. He requested these same credits in his previous request for a sentence reduction (Doc. 102 at 3-4) and this court held that it could not grant those credits (Doc. 104). The government explained the reasons why in its opposition to the Defendant's first request (Doc. 103), which we incorporate herein by reference but do not repeat. The Defendant offers no explanation of what has changed since this court denied his first request for these credits. The answer, of course, is that nothing material has changed. His renewed request for programming credits must be denied for the same reasons as his first request.

*CONCLUSION*

As before, the Defendant demands benefits to which he is not entitled and a sentence reduction that this court cannot grant. The Defendant's petition should be—and must be—denied.

4

Respectfully submitted this 29th day of June, 2020.


MARK A. KLAASSEN
United States Attorney

By:     _/s/Eric J. Heimann_____
ERIC J. HEIMANN
Assistant United States Attorney


## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of June, 2020, I served true and correct copies of the foregoing motion upon counsel of record via CM/ECF, and upon Defendant Gibson Condie via certified U.S. Mail to the following address.

Gibson Condie
1054 Vali Road
Powell, WY 82435


_____ _/s/ Vicki Powell_____
United States Attorney's Office

5