FILED

9:34 am, 9/21/20

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No.  17-CR-00124-J |
| GIBSON CONDIE, | |
| Defendant, | |

### ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE

This matter has come before the court on the letter from the Defendant, Gibson B. Condie seeking modification of the Amended Judgment entered on May 17, 2018, that imposed 36 months confinement, followed by 3 years of supervised release, a special assessment of $100, and restitution in the sum of $2,283,702.49, following his conviction for Healthcare Fraud in violation of 18 U.S.C. § 1347 (ECF No. 75).

### BACKGROUND

On October 27, 2017, Gibson Condie appeared before the court and entered a guilty plea to Count 200 of the Indictment, charging Healthcare Fraud in violation of 18 U.S.C. § 1347. After serving the term of confinement he was and is released to commence the 3 year term of supervised release that was imposed as part of the Amended Judgment. *Id.* On June 16, 2020, following his release from confinement and while on home confinement authorized by the Bureau of Prisons ("BOP") Mr. Condie

wrote to request that a one third reduction in his sentence should be applied by this court, citing the First Step Act. He alleges that he attained his 60th birthday two days before he was placed on home confinement by the BOP. (ECF No. 107). Defendant further requests that the court should grant "eight months of programming credits which was denied by the BOP for administrative reasons." *Id.* He supports his requests alleging that he has been and is "fully compliant with all terms and conditions of my probation including making monthly payments towards restitution." *Id.* He further argues that if the court terminates supervised release, the Defendant could earn more to be applied to the restitution obligation. *Id.*

On June 29, 2020, the Government responded to the Defendant's correspondence. The court does not have inherent authority to modify a sentence, including the term of supervised release. Any modification must be authorized by statute or rule. *E.g., United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014). The court may, after considering the conduct of the defendant and the interest of justice, terminate a term of supervised release after completion of one year of supervision (18 U.S.C. § 3583(e)(1)). In addition, the court may modify, reduce, or enlarge the conditions of supervised release at any time before the expiration or termination of the term pursuant to the provisions of the Federal Rules of Criminal Procedure. *See,* 18 U.S.C. § 3583(e)(2). The Government contends that the Defendant has not provided any authority that would authorize the court to terminate supervised release.

The Government contends that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (December 21, 2018) does not afford relief for the Defendant, even though

the Defendant attained the age of 60 two days before he was placed in home confinement. The Act directed the Attorney General to conduct a pilot program to determine the effectiveness of removing eligible elderly offenders (age 60 and above) and place them on home detention until **expiration of the prison term to which the defendant was sentenced.** 34 U.S.C. § 60541(g)(1)(A). Mr. Condie was placed in home detention, and the Act does not reduce the prison term. It is also noteworthy that the statute relates to a pilot program conducted by the Attorney General. None of this applies to provide Mr. Condie the relief he seeks.

The Government discussed at length that the matter of good time credits rests solely within the authority of the BOP. (ECF No. 103, p. 4).

## DISCUSSION

This Court must begin by evaluating its jurisdiction. When the Defendant stands before the court at the sentence hearing, the information relating to that difficult and often heart-wrenching hearing is fresh and vivid. The court has either experienced the evidence produced at a trial or has received the plea and factual background, has resolved issues surrounding the presentence investigation report, has heard the defendant and others, as well as argument from counsel. The court has a clear picture of the conduct that is deserving of punishment and the elements of punishment that should be addressed by the sentence. 18 U.S.C. § 3553(a). Contrast the requests made by Mr. Condie which come before the court without citation to authority, except as counsel for the government may consider to be pertinent. The requests are presented from the Defendant's point of view of benefits denied at a location far from the courtroom, years later. This suggests

to the undersigned that there is good reason for the court to "stay in its lane" unless there is authority supporting a departure. When a person is sentenced to a term of imprisonment, that person shall be committed to the custody of the BOP. 18 U.S.C. § 3621(a). The "Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . ." *Id.* at § 3621(b). The First Step Act authorizes the BOP to place a prisoner in home confinement. *Id.* at §3624(c)(2). As discussed by the Government in previous filings, "[t]he Act's time-credit provisions are expressed in a passive voice that does not immediately identify who is empowered to grant the credits." *See,* Doc. No. 103, p. 4. "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completed evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows…." 18 U.S.C. § 3632(d)(4)(A). {T}he Act requires the Attorney General to develop the risk and needs assessment system that awards credit for successful completion of programming. The BOP is required to implement the program. *See id.* at § 3632(a). Nothing in the statute suggests that the sentencing court has a role in the award or denial of time credits.

The district court's role is limited where Congress has authorized it to act after the Defendant has been sentenced. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Congress has provided limited authority permitting the sentencing district court to reduce a defendant's sentence in specified circumstances. 18 U.S.C. § 3582(c). The Defendant's

request does not fall within any rule or statute authorizing the court to afford consideration and relief.

**IT IS ORDERED** that Defendant's Motion to reduce his sentence by one-third and to award time credit against the 36 month term of supervised release should be and the same is **DISMISSED.**

Dated this 21st day of September, 2020.

_____
Alan B. Johnson
United States District Judge